### No. 1.

### BRADLY BARLOW *against* BOWNE AND WALKER.
### *Franklin*, 1819.

ON the question, whether the omission of the word "whole," in the certificate of a deposition is fatal, Court equally divided.

Fifteen years' uninterrupted possession of a lot of land, claims title—vests the title in the possessor, and enables him to maintain ejectment.

A, in ejectment for a lot of land, recovers against B ; C had, before the suit, been in possession of the land in question, and deeded to B, but the deed was not recorded ; after the judgment A. v B, D purchases of C, having no knowledge of any conveyance from C to B ; held D is not concluded by the judgment A v. B.

EJECTMENT for lots No. 99, 100, and 143, in the town of Georgia. Writ dated 15th, and served the 17th August, 1814.

On the trial, at June term, 1818, the following exceptions were taken :

Plaintiff claims, by possession, and offered a deed from Allis, an original proprietor, to Samuel Wells, dated 1789. Wells sold to Coon, who went into possession.

Plaintiff offered parol evidence, tending to shew, that those under whom he claimed, had been in possession, since the year 1793, through several occupants, to Joel Woodruff, who went into possession about the year 1800, and who deeded to plaintiff in 1813. Among other parts of the evidence, plaintiff offered the deposition of J. Mitchell, who testified that he had been in possession.

Defendant objected to the reading of the deposition, because,

in the magistrate's certificate of the oath, the word "whole" was omitted.

The Court over-ruled the objection, and admitted the deposition.

The defendant offered in evidence, a record of a judgment by default, in ejectment, in the Circuit Court, Robert Bowne (one of the present defendants) against Samuel Wells and N. Mansfield, for the same land, October 9, 1811 ; and, to connect this with the case, offered evidence tending to shew, that, while Woodruff was in possession, he made a deed to Samuel Wells, of the lands in question, (though it was not produced or ever recorded) previous to the deed from Woodruff to plaintiff, which evidence was admitted.

The Judge charged the Jury, that if they found that the plaintiff, and those under whom he claimed, had been in the uninterrupted possession of the land, claiming title for 15 years, such possession would vest the title in the plaintiff, and support his action of ejectment.

The Judge farther charged the Jury, that if they found that Woodruff did make a deed, of the lands in question, to Wells, (the same never having been recorded) it would not affect the right of the plaintiff, unless he had notice thereof, previous to his receiving the deed from Woodruff.

Verdict for plaintiff, and motion for new trial, founded on exceptions to the opinions and charge of the Judge.

The Court decided against the motion ; the decisions of the Judge were affirmed, except as to the admission of the deposition of Mitchell ; on this point the Court was equally divided. Judge Doolittle being of opinion the deposition was properly admitted, and Judge Brayton being of opinion the omission of the word "whole," in the certificate of the oath, was fatal, and that the deposition ought to have been excluded.

Motion dismissed, and new trial not granted.